IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KATHERINE SUSAN PARTLOW,**<br><br>Plaintiff,<br><br>v.<br><br>**JOAN JOHNSON** *d/b/a Heartland Greenhouses*,<br><br>Defendant.<br><br>**JOAN JOHNSON** *d/b/a Heartland Greenhouses*,<br><br>Counterclaimant,<br><br>v.<br><br>**KATHERINE SUSAN PARTLOW and WILLIAM (Bill) PARTLOW,**<br><br>Counterclaim Defendants. | Case No. 3:18-cv-01441-DGW |

## ORDER

**WILKERSON, Magistrate Judge**

Pending before the Court is Defendant Joan Johnson's Motion to Dismiss Counts III, IV and V of Plaintiff's Complaint and to Strike Portions of Counts I and II (Doc. 6). For the reasons set forth below, Defendant's motion is **DENIED**.

## RELEVANT FACTS

Between 2010 and 2017, Plaintiff Katherine Partlow was a seasonal full-time employee of Defendant Joan Johnson, who does business as Heartland Greenhouses (Doc. 1-1, p. 1, ¶ 3). Partlow alleges that in addition to her normal job duties, Johnson also assigned her to complete

non-agricultural duties including mowing Defendant's lawn, cleaning filters in the septic system of Defendant's home, and cleaning the reception hall of a separate business owned by Johnson (Doc. 1-1, p. 2, ¶ 6). According to Partlow, she was not paid overtime for the additional hours she worked over forty hours per week (Doc. 1-1, p. 2, ¶ 7).

The Complaint also alleges Johnson told Partlow that her agricultural business was not required to pay contributions pursuant to the Illinois Unemployment Insurance Act, and therefore her employees were not entitled to unemployment benefits (Doc. 1-1, p. 5, ¶ 4). This same statement was included in the employment application used by Johnson (Doc. 1-1, p. 5, ¶ 4). Partlow was aware Johnson had formerly taught high school business classes and states she therefore trusted that Johnson knew the law and relied on her statements (Doc. 1-1, p. 6, ¶ 10). As a result, Partlow did not apply for unemployment benefits during the portions of the year she was laid-off (Doc. 1-1, p. 6, ¶ 10).

However, in order to be exempt from unemployment contributions, Johnson's business had to stay below the $20,000 per calendar quarter threshold for wages as set out in Section 211.4 of the Act, 820 ILCS 405/211.4. (Doc. 1-1, p. 6, ¶ 6). Partlow alleges Johnson paid part of her wages in cash in order to stay below that threshold and therefore avoid having to pay for unemployment benefits (Doc. 1-1, p. 6, ¶ 6). Partlow states that had she known she was entitled to those benefits she would have applied for them (Doc. 1-1, p. 6, ¶ 11).

## ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal if a complaint fails to state a claim upon which relief can be granted. In considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint and draws all possible inferences in favor of the plaintiff. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). A plaintiff need not set out all relevant facts or recite the law in his or her complaint; however, the plaintiff

must provide a short and plain statement that shows he or she is entitled to relief. FED. R. CIV. P. 8(a)(2). Thus, a complaint will not be dismissed if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

I. **MOTION TO DISMISS COUNT III — ILLINOIS WAGE PAYMENT AND COLLECTION ACT**

The Illinois Wage Payment and Collection Act (IWPCA) applies to all employers and employees in the State of Illinois. 820 ILCS 115/1 (West 2018). The statute requires employers to pay non-administrative [1] employees all wages at least semi-monthly. 820 ILCS 115/3. The IWPCA defines wages as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties." 820 ILCS 115/2.

To prevail on an IWPCA claim, a plaintiff must show he or she had a valid contract or employment agreement. *See id.*; *Hess v. Kanoski & Assocs.,* 668 F.3d 446, 452 (7th Cir. 2012). The Illinois Court of Appeals has found that an agreement under the IWPCA is broader than a contract, requiring only a "manifestation of mutual assent" on the part of two or more persons. *Zabinsky v. Gelber Grp., Inc.,* 347 Ill.App.3d 243, 249 (Ill. App. Ct. 2004). Further, an agreement does not need to contain all the formalities and accompanying legal protections of a contract. *Id.* Rather, an employer and employee can manifest their agreement to the conditions of employment based on their conduct alone. *Landers-Scelfo v. Corporate Office Systems, Inc.*, 827 N.E.2d 1051, 1068 (Ill. App. Ct. 2005).

---

[1] Wages of executive, administrative and professional employees, as defined in the Federal Fair Labor Standards Act of 1939, may be paid once a month. *Id.*

Johnson argues she is entitled to dismissal of Count III because the Complaint does not allege an employment contract or agreement existed between her and Partlow (Doc. 7, p. 5). The Court disagrees. The Complaint specifically alleges that between 2010 and 2017, Partlow was a "seasonal full-time employee of Defendant" (Doc. 1-1, ¶ 3). In addition, Johnson assigned Partlow to complete non-agricultural duties including mowing Defendant's lawn, cleaning filters in the septic system of Defendant's home, and cleaning the reception hall of a separate business owned by Johnson (Doc. 1-1, ¶ 6). These additional duties required Partlow to regularly work four to six hours of overtime (Doc. 1-2, ¶ 8). The Court finds it unlikely that Partlow agreed to perform these additional duties without compensation. Thus, Partlow has pled sufficient facts for the Court to "draw the reasonable inference" that an employment agreement existed between the parties as to the additional non-agricultural work. *See Iqbal,* 556 U.S. at 678.

Johnson next argues that because the parties did not enter into an agreement regarding an overtime rate, Partlow's claims are not cognizable under the IWPCA (Doc. 7, p. 5).[2] Johnson cites to two district court cases to support this contention. In *Mathias v. Addison Fire Prot. Dist. No. 1,* a collective bargaining agreement set out the wages firefighters would receive when they performed overtime work related to their fire inspector duties. 43 F.Supp.2d 916, 925 (N.D. Ill. 1999). The Northern District of Illinois found because the IWPCA simply enforces agreements for wages made by the parties, and the firefighters negotiated lower overtime pay as part of the collective bargaining contract, an IWPCA claim was not cognizable. 43 F.Supp.2d 916, 926 (N.D.

---

[2] Several of the cases relied on by Johnson are unreported district court decisions where the Plaintiff attempted to rely on the employee handbook to argue the existence of a contract or agreement between the parties. *See Skelton v. American Intercontinental University Online*, 382 F.Supp.2d 1068, 1074-75 (N.D. Ill. 2005) (decision finding employee handbook was not evidence of mutual consent necessary for an employment agreement); *Pautlitz v. City of Boston,* 1991 WL 33658 (N.D. Ill. 1991) (finding employee handbook did not create an employment contract and plaintiffs did not allege an agreement); *Brand v. Comcast Corp.,* 2013 WL 1499008, at *8 (N.D. Ill. April 11, 2013) (finding IWPCA not proper avenue for seeking unpaid overtime that was not included in an employment contract or agreement). In all those cases, the Court found the handbook could not form the basis for an agreement under the IWPCA. *Id.* Because the Court finds Partlow has sufficiently pled the existence of an employment agreement unrelated to a handbook, these cases are inapposite.

Ill. 1999). Here, unlike *Matthias,* there was no comparable negotiation. Johnson told Partlow she was not entitled to overtime (Doc. 1-1, ¶ 4) and Partlow agreed to perform the work for a lower rate based solely on that alleged misrepresentation. Thus, unlike the firefighters in *Mattias,* Partlow did not negotiate away her right to overtime, as she did not even know she had such a right. The only way to find *Matthias* applicable here is for the Court to incorporate into the terms of the agreement a wage based on Johnson's misrepresentation. The Court declines to do so.

In the other case cited by Johnson, *Palmer v. Great Dane Trailers*, the Northern District of Illinois found no agreement existed requiring the employer to pay overtime. 2005 WL 1528255, at *3 (N.D. Ill. June 28, 2005). The Court rejected the plaintiff's claim that because the FLSA and IMWL required the employer to pay overtime, that requirement was imputed into the agreement between the parties. *Id.* To begin with, the Court is not convinced the reasoning in *Palmer* is sound. Agreements by their very nature are less formal than written contracts for employment. *Landers-Scelfo,* 356 Ill.App.3d at 1068 (finding that because a contract was not required under the Wage Collection Act, a worker does not need to plead all contract element but rather only needs to show mutual assent to terms supporting recovery). It is reasonable that parties engaging in an agreement for employment would assume the agreement terms would not violate the law — such as providing for overtime pay where legally required. The holding in *Palmer* essentially requires a plaintiff to affirmatively bargain for overtime pay regardless of their legal right to such compensation; a requirement this Court declines to adopt.

Further, the situation here is even more problematic than the one in *Palmer*. Johnson told Partlow she was not entitled to overtime. Thus, it would have been impossible for Partlow to enter into any type of negotiation. The Court declines to allow Johnson to use her allegedly intentional misstatements to shield herself from liability. Thus, Defendant's Motion to Dismiss Count III is **DENIED**.

## II. MOTION TO DISMISS COUNTS IV AND V – FRAUDULENT MISREPRESENTATION AND FRAUDULENT CONCEALMENT

Under Federal Rule of Civil Procedure 9(b), a party who alleges fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." The Seventh Circuit has held that stating "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff" is sufficiently particular to meet the requirements of Rule 9(b). *Camasta v. Joseph A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014). Further, when details of the fraud itself are within the defendant's exclusive knowledge, the Seventh Circuit has found the specificity requirements are less stringent. *Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321, 1328 (7th Cir. 1994).[3]

A. Fraudulent Misrepresentation – Count IV

To state a claim for fraudulent misrepresentation a plaintiff must allege: (1) a false statement of material fact; (2) knowledge or belief of the falsity by the person making it; (3) an intent to induce the plaintiff to act; (4) action by the plaintiff in reliance on the truth of the statement; and (5) damage to the plaintiff resulting from the reliance on the statement. *Connick v. Suzuki Motor Co., Ltd.*, 675 N.E.2d 584, 591 (Ill. 1996).

Here, the Complaint alleges Johnson told Partlow that because her agricultural business is not required to pay contributions pursuant to the Illinois Unemployment Insurance Act, her employees were not entitled to unemployment benefits (Doc. 1-1, p. 5, ¶ 4). This same statement was allegedly included in the employment application used by Johnson (Doc. 1-1, p. 5, ¶ 4).

Johnson argues her statements regarding the unemployment insurance were merely her

---

[3] Defendants rely heavily on the contention that a plaintiff must plead the "who, what, where and when of the alleged fraud" (Doc. 7, p. 8). However, the Seventh Circuit has recognized that "courts and litigants often erroneously take an overly rigid view of the formulation." *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Company*, 631 F.3d 436, 441-42 (7th Cir. 2011). Instructing, rather, that "plaintiffs are not absolutely required to plead the specific date, place, or time of the fraudulent acts," but they must "use some alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Id.*

opinion and therefore do not qualify as misstatements (Doc. 7, p. 10). *Merrilees v. Merrilees,* 998 N.E.2d 147, 159 (Ill. App. Ct. 2013). However, the expression of an opinion may carry with it an implied assertion that the speaker knows facts that justify the opinion; such as when the defendant holds himself out or is understood to have special knowledge of the matter not available to the plaintiff. *Power v. Smith,* 786 N.E.2d 1113, 1118 (Ill. App. Ct. 2003). Here, Partlow alleges she understood Johnson to have specialized knowledge as evidenced by the fact that Johnson taught business classes. Thus, for purposes of the motion to dismiss, Partlow has sufficiently alleged the statements by Johnson qualify as a statements of fact, and the first element is met.

Partlow further alleges Johnson paid part of her wages in cash in order to appear to stay below the $20,000 per calendar quarter threshold set out in Section 211.4 of the Act, 820 ILCS 405/211.4. (Doc. 1-1, p. 6, ¶ 6). Thus, the claim that Johnson had knowledge the statement she made was false is sufficiently pled.

Partlow alleges the reasons Johnson made the false statements about her employees' ability to obtain unemployment was to induce them not to apply for those benefits (Doc. 1-1, p. 6, ¶ 9) – the Court finds this is a reasonable inference from the alleged misrepresentation. Further, as discussed above, Partlow trusted that Johnson knew the law and relying on her statements, did not apply for unemployment benefits (Doc. 1-1, p. 6, ¶ 10). Thus, Plaintiff has also sufficiently pled the remaining elements of fraudulent misrepresentation and Defendant's Motion to Dismiss Count IV is **DENIED**.

    B.  <u>Fraudulent Concealment of a Material Fact – Count V</u>

To state a claim for fraudulent concealment a plaintiff must allege: (1) the defendant concealed a material fact under circumstances that created a duty to speak; (2) the defendant intended to induce a false belief; (3) the plaintiff could not have discovered the truth through reasonable inquiry and relied upon the defendant's silence as an indication that the fact did not exist; (4) the concealed information was such that the plaintiff would have acted differently had

she been aware of it; and (5) the plaintiff's reliance resulted in damages. *Bauer v. Giannis*, 834 N.E.2d 952, 957-58 (Ill. App. Ct. 2005).

Here, Johnson claims the employer-employee relationship between her and Partlow created no duty to disclose to Partlow that she was entitled to unemployment benefits (Doc. 7, p. 15). In support, she cites to one sentence in *Hess v. Kanoski & Assoc.* holding that the plaintiff did not have a claim under the Illinois Consumer Fraud Act because he was an employee, not a consumer. 668 F.3d 446, 454 (7th Cir. 2012). Contrary to Defendant's claim, this case does not stand for the general proposition that that Illinois law "does not give rise to a fiduciary or special duty" between employers and employees (quoting Doc. 7, p. 16). Rather, the Illinois Supreme Court has held a duty to disclose a material fact may arise out of several situations, including a situation where the plaintiff places trust and confidence in the defendant, thereby placing a defendant in a position of influence and superiority over plaintiff. *Connick v. Suzuki Motor Co. Ltd.,* 675 N.E.2d 482, 500 (Ill. 1996) (citing *Kurti v. Fox Valley Radiologists, Ltd.,* 464 N.E.2d 1219 (1984)). This position of superiority may result from friendship, agency, or experience. *Id.* Here, Johnson's role as employer and businessperson, as well as her experience teaching business in High School, are sufficient allegations of a duty to disclose to survive a motion to dismiss.

Further, there are sufficient facts pled to allege the remaining elements of the Fraudulent Concealment claim. Johnson allegedly concealed the fact that she actually paid more than $20,000 during a quarter (Doc. 1-1, p. 6, ¶ 6), which would have qualified her employees for unemployment benefits. Thus, there is evidence to support an intent on the part of Johnson to induce a false belief on the part of Partlow that she was not entitled to those benefits. Partlow alleges she relied on Johnson's misstatements because she knew Johnson taught business classes (Doc. 1-1, p. 5, ¶ 4) and therefore relied on her knowledge.[4] Partlow sates she would have applied for unemployment

---

[4] Whether this fact is sufficient to prove Partlow could not have discovered the truth through reasonable inquiry at the summary judgment stage is unclear. However, the Court finds it sufficient for purposes of this motion to dismiss.

benefits if she had known she was entitled to them, and therefore Johnson's concealment resulted in her suffering financial damages. Because Partlow has sufficiently pled the remaining elements, Johnson's Motion to Dismiss Count V is **DENIED**.[5]

### C. Private Right of Action

Johnson argues Partlow's claims for fraudulent misrepresentation and fraudulent concealment are an improper attempt to create a private right of action under the Illinois Unemployment Insurance Act (Doc. 7, p. 12). In short, Johnson argues that because Partlow is seeking damages in the form of owed unemployment benefit, this is really just a claim under the IUIA, which provides no private right of action (Doc. 7, p. 12). What Johnson ignores, however, is that both claims are for fraud, not for violation of the IUIA. Compensatory damages for fraud are available and "intended to compensate for *any injury* which is the direct and natural consequence of [the plaintiff's] acting on the faith of defendant's representations." *Roboserve, Inc. v. Kato Kagaku Co., Ltd.,* 78 F.3d 266, 273-74 (7th Cir. 1996) (citing *Gold v. Dubish,* 549 N.E.2d 660, 666 (Ill. 1989)). Thus, an award of compensatory damages for the unemployment wages denied Partlow is available to her under Counts IV and V without reliance on the IUIA.[6]

## III. MOTION TO STRIKE

Federal Rule of Civil Procedure Rule 12(f) provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike, however, are looked upon with disfavor and a court will not strike a matter unless the Court is confident the portion of the pleading is "redundant or is both irrelevant

---

[5] Johnson also argues Partlow's claim is insufficient because it fails to identify the time period when she allegedly paid more than $20,000 in in a quarter. As Partlow points out, however, the Complaint alleges Johnson failed to pay overtime compensation during the months February through June of 2011-2017 (Doc. 1-1, p. 2, ¶ 7).

[6] Partlow argues alternatively that she could successfully bring a private right of action under IUIA if necessary. Because the Court finds Counts IV and V do not attempt to create a private cause of action, it is unnecessary to address this alternative argument.

to the subject matter of the litigation and prejudicial to the objecting party." *Fed. Nat'l Mortgage Ass'n v. Cobb*, 738 F.Supp. 1220, 1224 (N.D. Ind. 1990); *See also Pain Prevention Lab,* 657 F.Supp. 1486, 1491 (N.D. Ill. 1987); *Cumis Ins. Soc'y Inc. v. Peters*, 983 F.Supp. 787, 798 (N.D. Ill. 1997). However, Rule 12(f) is neither an authorized nor a proper way to procure the dismissal of part of the complaint. *Pierson v. Dean, Witter, Reynolds, Inc.*, 551 F.Supp. 497, 504 (C.D. Ill. 1982) (citing Wright & Miller, Federal Practice and Procedure: Civil § 1380).

Here, Johnson's only claim is that approximately four months of the forty-eight months of damages requested in Counts I and II are outside of the statute of limitations for the FLSA and IMWL (Doc. 7, p. 16). While Federal Rule of Civil Procedure 8(a)(3) requires a party to plead a demand for relief, there is no specific format required. In fact, parties may plead alternative or different types of relief. FED. R. CIV. P. 8(a)(3). Thus, even if the demand for relief inaccurately incorporates a short time-period outside of the statute of limitation, that is not fatal to the pleadings. Rather, such a claim is better addressed by a motion for summary judgment after the completion of discovery or by a motion in limine before trial. Because the Court finds nothing redundant, immaterial, impertinent, or scandalous about Plaintiff's prayers for relief, Johnson's Motion to Strike is **DENIED**.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss Counts III, IV and V of Plaintiff's Complaint and to Strike Portions of Counts I and II (Doc. 6) is **DENIED**.

**SO ORDERED.**
**DATED: October 26, 2018**

**DONALD G. WILKERSON**
**United States Magistrate Judge**